IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBIN P. MCCLINTON-WALLACE, and GLENN WALLACE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:20cv427 |
| TOBI CHAPPLE-BROWN, and BERNARD CHAPPLE, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

On May 14, 2020, the above-captioned matter was initiated in this Court with the filing of a pro se complaint naming Robin P. McClinton-Wallace and Glenn Wallace as Plaintiffs against Defendants Tobi Chapple-Brown and Bernard Chapple. (ECF No. 1.) The matter came before the Court on Defendants' Motion to Dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b). (ECF No. 10.)

Upon review of the Complaint, and after the instant motion had been filed and briefed, the Court determined that a hearing was necessary in order to ascertain more information about Plaintiff Robin P. McClinton-Wallace with respect to her competency and her personal involvement in the filing of the Complaint. It appeared to the Court that Plaintiff Glenn Wallace was attempting to represent Mrs. McClinton-Wallace under a purported Power of Attorney that was never provided to the Court. Moreover, it appeared clear to the Court that,

irrespective of whether a Power of Attorney exists, Plaintiff Glenn Wallace is not an attorney and, while he can file on his own behalf, he is not authorized to represent another party in a matter before this Court. The Court will first discuss this issue.

On April 19, 2021, Plaintiff Glenn Wallace, Attorney Pete Blaetz—who represented that he had been appointed guardian of Mrs. McClinton-Wallace's estate—and attorneys for Defendants, John Wright and Loch Saslow, each came before the Court for a hearing to clarify the representation of Plaintiff McClinton-Wallace. At this hearing, the Court requested, and the parties provided, information pertaining to Mrs. McClinton-Wallace's level of competency and her involvement in the filing of the Complaint. Attorney Blaetz and counsel for Defendants also provided state court documents and records from Alamance County Court pertaining to the competency of Mrs. McClinton-Wallace as follows:

- A Petition for Order Authorizing Protective Services and Ex Parte Emergency Services and Appointment of Guardian Ad Litem filed in North Carolina District Court by the Alamance County Department of Social Services ("ACDSS") dated August 14, 2020, (20CVD1432);

- A Petition for Adjudication of Incompetence and Application for Appointment of Guardian Ad Litem filed in North Carolina Superior Court by the ACDSS dated October 5, 2020, *In re Robin P. McClinton*, (20SP275);

- A state court order dated November 10, 2020, finding Mrs. McClinton-Wallace incompetent by clear, cogent, and convincing evidence and ordering that she be appointed a guardian ad litem, Order on Petition for Adjudication of Incompetence, *In re Robin P. McClinton*, (20SP275); and

- A copy of the state court order that appointed Defendant Tobi Chapple-Brown as Mrs. McClinton-Wallace's guardian and Attorney Peter Blaetz as guardian of her estate that had previously been filed with the Court. (*See* ECF No. 19-1.)

2

Additionally, a number of state court documents presented to the Court referenced some level of domestic violence which appears to have led to an Order for Emergency Services being granted for the removal of Mrs. McClinton-Wallace from her living situation with Plaintiff Glenn Wallace by ACDSS in August of 2020.

At the conclusion of the hearing, and upon findings by the Court that: (1) Plaintiff Glen Wallace, a non-attorney acting pro se, has no authority to represent Plaintiff Robin McClinton-Wallace in any proceedings before this Court; (2) Attorney Blaetz had been appointed Guardian of Mrs. McClinton-Wallace's estate by Alamance County Superior Court; and (3) Defendant Tobi Chapple-Brown had been appointed as guardian of Mrs. McClinton-Wallace's person by Alamance Superior Court; the Court allowed a stipulation of dismissal that was filed on April 5, 2021. (*See* ECF No. 21.) Pursuant to the Order approving the stipulation, any claims made by Mrs. Robin McClinton-Wallace were dismissed, and this Court further orders that she will be terminated as a Plaintiff in this matter.

Consistent with the Court's determination above, the Court will now proceed to the merits of Defendants' motion to dismiss and will analyze the motion solely in the context of how the claims relate to Plaintiff Glenn Wallace as the sole plaintiff currently in this action.

## I. DISCUSSION

The Complaint alleges that Ms. Chapple-Brown: (1) conducted unauthorized withdrawals from Mrs. McClinton-Wallace's bank account; (2) changed the locks on a property and did not allow Mrs. McClinton-Wallace access to personal effects on the property; (3) is withholding an interest in a property from Mrs. McClinton-Wallace; and (4) called local

3

Case 1:20-cv-00427-LCB-JEP   Document 22   Filed 04/27/21   Page 3 of 11

authorities on Mr. Wallace for the purpose of harassing and intimidating him. (ECF No. 1 at 5–6.)

In their motion to dismiss, Defendants first contend that this Court does not have subject matter jurisdiction over the matter due to lack of diversity, (ECF No. 11 at 2–4), and that venue is improper because no substantial claim arose in North Carolina, (*id.* at 4–5). Defendants also argue that the Complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiff fails to state a cognizable claim. (*Id.* at 6–9.) Finally, with respect to Defendant Bernard Chapple, Defendants argue that he never received service of process and therefore he should be dismissed from the action completely pursuant to Rule 12(b)(4). (*Id.* at 5–6.)

### A. Whether this Court has Subject Matter Jurisdiction Pursuant to Rule 12(b)(1)

The Court will first address whether it has subject matter jurisdiction over Plaintiff's claim. A motion brought pursuant to Rule 12(b)(1), which governs dismissals for lack of subject matter jurisdiction, raises the question of "whether [Plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different [s]tates." 28 U.S.C. § 1332(a). For this Court to have subject matter jurisdiction based on diversity, complete diversity of citizenship must exist between the parties, meaning that no

4

Case 1:20-cv-00427-LCB-JEP Document 22 Filed 04/27/21 Page 4 of 11

party on one side may be a citizen of the same state as any party on the other side. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, when making a determination of citizenship for the purposes of determining whether diversity jurisdiction exists, courts apply the time-of-filing rule, which stands for the principle that the jurisdiction of the court depends on the state of things at the time the action was filed. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004). However, there is an exception to the time-of-filing rule where the jurisdictional defect has been cured. *Id.* at 572–73 (discussing multiple cases where "the less-than-complete diversity which had subsisted throughout the action had been converted to complete diversity between the remaining parties" after a severable party had been dismissed).

In the instant matter, Defendants argue that there was not complete diversity at the time the Complaint was filed because Mrs. McClinton-Wallace and Defendant Chapple-Brown were "both citizens of the State of New York." (ECF No. 11 at 2.) As discussed above, Mrs. McClinton-Wallace has been dismissed as a party to this matter. With the dismissal of Mrs. McClinton-Wallace as a party to this action, the remaining action involves only Mr. Glenn Wallace, a citizen of North Carolina, and Tobi Chapple-Brown and Bernard Brown, who the Complaint alleges are citizens of Florida. (*See* ECF No. 1 at 2, 3.) This cures the jurisdictional defect Defendants assert in their motion.[1] As such, Defendants' motion to dismiss for lack of subject matter jurisdiction will be denied.

---

[1] In their motion, Defendants assert that Ms. Chapple-Brown is a citizen of New York and provide supporting documentation to that effect. (ECF No. 11 at 3–4.) However, whether Ms. Chapple-Brown is a citizen of New York or Florida does not change the determination of diversity, as there is no dispute that remaining Plaintiff Glenn Wallace is a citizen of North Carolina.

5

## B. Whether Venue is Proper Pursuant to Rule 12(b)(3)

"When an objection to venue has been raised under Rule 12(b)(3), the burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action." *Plant Genetic Sys. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996) (citing *Bartholomew v. Va. Chiropractors Ass'n, Inc.*, 612 F.2d 812, 817 (4th Cir. 1979)). A plaintiff is only obliged to make a *prima facie* showing of proper venue in order to survive a motion to dismiss under Rule 12(b)(3). *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 365–66 (4th Cir. 2012) (citing *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)). In determining whether such a showing has been made, the Court must "view the facts in the light most favorable to the plaintiff." *Id.*

The general venue statute governs most civil actions founded on diversity of citizenship. Venue is proper in any judicial district in which a "*substantial part* of the events or omissions *giving rise to the claim* occurred." 28 U.S.C. § 1391(b)(2) (emphasis added). Because "substantial" events related to a claim may occur in different places, venue is sometimes proper in more than one district. *See Mitrano*, 377 F.3d at 405.

"[I]n determining whether events or omissions are sufficiently substantial to support venue," a court should consider "the entire sequence of events underlying the claim." *Id.* (citation and internal quotation marks omitted). Moreover, for the purposes of making a venue determination, what is "sufficiently substantial" is a question of quality, not quantity; what matters most is whether the material acts or omissions within the forum "bear a close nexus to the claims." *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432–33 (2d Cir. 2005); *see also* 17 James Wm. Moore et al., *Moore's Federal Practice* § 110.04 (2019).

Defendants contend that this Court is not the proper venue to adjudicate this action because "no defendants reside in North Carolina, nor did any substantial claim arise in North Carolina." (ECF No. 11 at 4.) Despite Defendants' contention, however, the Complaint appears to allege that Plaintiff Glenn Wallace was harassed and intimidated at his home in Mebane, North Carolina by the Alamance County Sheriff's Department and ACDSS as a result of calls made by Ms. Chapple-Brown. (ECF No. 1 at 5.)

Construing the allegation in the Complaint in the light most favorable to Plaintiff and resolving all inferences in his favor, the Court finds that he has sufficiently pleaded that the events giving rise to his claim pertaining to claims of intimidation and harassment occurred in Mebane, North Carolina. As such, Defendants' motion to dismiss on the basis of improper venue is denied.

### C. Defendants 12(b)(4) Motion to Dismiss

Defendants next contend that the entire Complaint should be dismissed with respect to Defendant Bernard Chapple because he never received service of process in any way. (ECF No. 11 at 5–6.) In Mr. Wallace's response to Defendants' motion, he does not contest dismissing Mr. Chapple as a Defendant in this matter. (ECF No. 15 at 4) (stating that "the complaint against Mr. Bernard Chapple can be dismissed without prejudice"). Given that there is no evidence in the record that Mr. Chapple was properly served, and Plaintiff concedes that Mr. Chapple should be dismissed from this suit, the Court grants Defendants' motion as it pertains to any and all claims asserted against Mr. Chapple.

## D. Defendants' 12(b)(6) Motion to Dismiss for Failure to State a Claim

Finally, Defendants move to dismiss the Complaint in its entirety, arguing that Plaintiff fails to state a cognizable claim. A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "challenges the legal sufficiency of a complaint," including whether it meets the pleading standard of Rule 8(a)(2). *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thereby "giv[ing] the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint may fail to state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim, *see Holloway*, 669 F.3d at 452, or, second, by failing to allege sufficient facts to support a legal cause of action, *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

In evaluating whether a claim is stated, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff" but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citation and internal quotation marks omitted).

8

Case 1:20-cv-00427-LCB-JEP   Document 22   Filed 04/27/21   Page 8 of 11

When considering a Rule 12(b)(6) motion, a court must be mindful of the principle that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)); *see also Noble v. Barnett,* 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, "[w]hile a pro se litigant's pleadings are liberally construed, a pro se complaint must still contain sufficient facts to raise a right to relief above the speculative level and state a claim to relief that is plausible on its face." *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) (citation and internal quotation marks omitted).

While the Complaint alleges several underlying facts giving rise to the instant matter, as listed above, those facts largely involved actions that were alleged to have occurred against Mrs. McClinton-Wallace, who is no longer a party to this suit. (*See* ECF No. 1 at 5–6.) Likewise, the relief sought exclusively pertains to alleged harms against Mrs. McClinton-Wallace. (*Id.* at 5.) Nevertheless, as discussed above, a court must construe a pro se complaint liberally and, upon a motion to dismiss, consider whether the facts alleged state a cognizable claim even when a plaintiff does not specify the legal basis upon which the complaint is grounded.

Here, with respect to himself, Plaintiff asserts that Defendant Chapple-Brown made complaints to Alamance County Sheriff's Department and Adult Protective Services with the purpose of harassing and intimidating him. (*Id.* at 5.) Defendants assert that they "are unable to respond to this claim" because they "cannot reason what this claim might be." (ECF No. 11 at 7.) The Court agrees that it is difficult to ascertain the legal cause of action Plaintiff

9

Wallace seeks to bring against Ms. Chapple-Brown on behalf of himself with respect to the underlying facts concerning the authorities' visit to his home. In reaching this finding, the Court considered that the Complaint seeks no relief related to this allegation or related to any claim involving Mr. Wallace. The Court, however, based on the unique circumstances in this case, will allow Plaintiff fourteen (14) days to file with the Court a more definite statement of any claim he wishes to bring against Ms. Chapple-Brown related to his allegations of harassment and/or intimidation.

Accordingly, based on the reasons outlined above., the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss for lack of subject matter jurisdiction and improper venue, (ECF No. 10 at 1), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss Defendant Bernard Chapple as a party to this matter pursuant to 12(b)(4), (ECF No. 10 at 1), is **GRANTED**. Mr. Chapple is DISMISSED from this matter and the Clerk of Court shall terminate him as a party.

**IT IS FURTHER ORDERED** that Plaintiff Glenn Wallace has fourteen (14) days from the entry of this Order to file a more definite statement setting forth all claims, if any, he seeks to bring against Ms. Chapple-Brown pertaining to the allegation that she used local authorities to harass and/or intimidate him and sufficient facts which support said claim(s). Should Plaintiff fail to file such a statement, which may be in the form of an Amended

10

Complaint, upon notice by Defendants of such failure, this matter will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

This, the 27th day of April 2021.

/s/ Loretta C. Biggs
United States District Judge